**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL VAN LINES, Respondent.**

No. 25698.

United States Court of Appeals, Ninth Circuit.

Jan. 9, 1973.

Abigail Baskir, Atty. (argued), Marcel Mallet-Prevost, Washington, D. C., Abraham Siegel, Director, NLRB, Region 21, Los Angeles, Cal., for petitioner.

Norman Kirshman (argued), Goldstein, Gentile & Kirshman, Beverly Hills, Cal., W. Thomas Arruda, Oakland, Cal., Brundage & Hackler, Los Angeles, Cal., for respondent.

Before BARNES, DUNIWAY and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

On November 7, 1972, the Supreme Court, in NLRB v. International Van Lines, 409 U.S. 48, 93 S.Ct. 74, 34 L.Ed. 2d 201, reversed our judgment in this case, which is reported at 448 F.2d 905 (1971), and remanded the case to us for further consideration in conformity with its opinion.

In our original decision, we decided three principal questions. First, we held that the Board's determination that the Company had violated section 8(a)(1) of the National Labor Relations Act as amended, 29 U.S.C. § 158(a)(1), by threatening employees with reprisals and loss of benefits if they should join a union, was not supported by the record. The Supreme Court left this holding undisturbed. Second, we held that the Board's decision that the Company had discriminatorily discharged certain employees for union activity, in violation of §§ 8(a)(1) and 8(a)(3) (29 U.S.C. § 158 (a)(1) and (3)) was correct. This holding, too, was left undisturbed. Third, we held that the Company had not violated the same sections by refusing to reinstate strikers. This holding the Court reversed.

The Court also left undisturbed two other holdings; (a) our remand to the Board to determine whether employee Casillas had been reinstated, (b) our reservation of the question whether the Board's order to bargain with the union should be enforced.

Because the only question left for decision by the Board on remand is whether Casillas was reinstated, a peripheral mat-

ter, we think that we should now consider the validity of the order to bargain. We uphold it.

When the Union petitioned the Board for certification as the bargaining agent of the Company's employees (September 21, 1967), five of the Company's six employees in the unit had signed Union authorization cards,—a clear majority. On October 5, 1967, three of them were discriminatorily discharged in violations of sections 8(a)(1) and 8(a)(3) of the Act. The Supreme Court's decision has now held that the Company also violated the same sections of the Act by refusing to reinstate them.

In deciding to issue an order to bargain, the Board said:

"Having concluded that Respondent, by discharging Manuel and Robert Vasquez and Richard Dicus on October 5, engaged in unfair labor practices violative of Section 8(a)(3) and (1), we are further persuaded that such conduct demonstrates that Respondent had completely rejected the collective-bargaining principle and its violations could only have had the effect of destroying conditions needed for a fair election. As the Union did represent a majority of the employees in an appropriate unit prior to the discriminatory discharges, we conclude that only a bargaining order can adequately restore as nearly as possible the situation which would have existed but for the Respondent's unfair labor practices. Accordingly, we shall order Respondent, upon request, to bargain with the Union in the unit herein found appropriate." (Footnotes omitted.)

We note that this part of the Board's decision does not rest upon the portion of the Board's findings and order that we have refused to enforce; it rests solely on those portions that we have upheld. We hold that under the principles announced in NLRB v. Gissel Packing Co., 1969, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547, as applied by us in NLRB v. L. B. Foster Co., 9 Cir., 1969, 418 F.2d 1, this portion of the Board's order should be enforced, and enforced now. This case, through no fault of the employees or the Union, is already five years old. That is more than long enough for them to have to wait for vindication of their rights.

The Board's order,—if modified to eliminate paragraph 1(a) and if all references, (in paragraph 2(b) and (c) of the order and in the notice to be posted), to employee Casillas are eliminated,—will be enforced.

For the limited purpose of considering whether Casillas was reinstated, and if so when, the case is remanded to the Board. After decision of that question, an appropriate supplementary order may be issued by the Board.